IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**SYDNEY WAYNE CRUTCHFIELD**                                        **PETITIONER**

VS.                    CASE NO. 2:18CV00094 BSM/PSH

**GENE BEASLEY, WARDEN,**
**FCI FORREST CITY, ARKANSAS**                                      **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Sydney Wayne Crutchfield ("Crutchfield"), in federal custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served. Specifically, Crutchfield contends the Bureau of Prisons ("BOP") failed to credit him for 18 months of time served. Respondent Gene Beasley ("Beasley") asserts Crutchfield has failed to exhaust his administrative remedies, and that his sentence is properly calculated. On September 13, 2018, the

Court notified Crutchfield of his opportunity to respond to Beasley, and directed him to do so on or before October 13. Docket entry no. 8. As of this date, Crutchfield has not filed a responsive pleading.

**Exhaustion of Administrative Remedies**

The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies. The Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). There are benefits from prior administrative review, even assuming that the BOP denies Crutchfield's request. The benefits include a record of the reasons the BOP decided as it did. Further, if Crutchfield is correct in his assertions, the BOP "must be given a chance to clean up its act before the courts are asked to intervene." *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Beasley attached an affidavit by Andrea Brooks-Smith ("Brooks-Smith"), the associate warden's secretary at the BOP's FCI complex in Forrest City. Docket entry no. 7-1. Brooks-Smith's duties include preparing responses to administrative remedy requests from inmates. In performing her duties, she has access to records maintained in the ordinary course of business by the BOP, including inmate central and administrative remedy files. Her search of those files reflects that Crutchfield is serving a 79 month sentence for possession of a stolen firearm, with an expected

release date of August 11, 2020. *Id.*, pages 1 and 2.

Brooks-Smith describes the three-tiered administrative grievance procedure available to federal inmates, which is codified at 28 C.F.R. § 542.10 *et seq.* This procedure provides that inmates must first seek resolution informally with staff. If the complaint is not resolved at that level, the inmate is required to submit a Request for Administrative Remedy to the local warden. If the inmate is not satisfied with the warden's response, he must appeal to the BOP's Regional Director within 20 days of the warden's response. If dissatisfied with the Regional Director's response, the inmate must appeal to the Office of General Counsel within 30 days of the Regional Director's response. A grievance is not exhausted unless it has been properly presented at all levels of the administrative remedy process. *Id.*, page 3.

At all relevant times, the BOP recorded and maintained all administrative remedy submissions at all levels in SENTRY, a computer-based information system. *Id.* As part of her job, Brooks-Smith has access to SENTRY, which contains a record of all grievances submitted by Crutchfield. Brooks-Smith's search of SENTRY shows that Crutchfield filed only one administrative remedy request, on September 1, 2015, while he was housed in West Virginia. Docket entry no. 7-1, pages 11, 12. This request was closed on September 9, 2015, and no appeal was taken. In light of the absence of any appeal of his single request, Brooks-Smith states that Crutchfield has not exhausted his administrative remedy requirements on any issue. Docket entry no. 7-1, pages 4, 5. Despite the Court's invitation for Crutchfield to respond, Brooks-Smith's sworn statement stands unopposed.[1]

---

[1]In his original petition for habeas corpus, Crutchfield asserts that he filed all of the required paperwork to resolve this matter through the administrative remedy system. He cites the Court to Exhibit A, a letter to the sentencing Court, and Exhibit B, the required paperwork

The Court is aware that exhaustion of administrative remedies is not required if it would be an exercise in futility. Here, however, Crutchfield makes no showing that this is the case. The Court thus cannot conclude that it would be futile for Crutchfield to seek redress from the BOP, especially in light of that entity's duty to calculate Crutchfield's proper sentence. The BOP should be given the opportunity to address Crutchfield's arguments prior to the presentation of the claims in federal court.

As a result, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice to allow Crutchfield to pursue his available administrative remedies.

IT IS SO ORDERED this 16th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

for the administrative remedies. However, there are no exhibits attached to the petition for writ of habeas corpus. Docket entry no. 1.